## Steiniger's Estate.

*Lunacy—Husband's duty to support insane wife—Will—Election against —Compensation due Commonwealth—Acts of June 1, 1915, and June 7, 1917.*

1. Under the Act of June 1, 1915, P. L. 661, a husband is first liable for the maintenance and support of his lunatic wife, and upon his death, such liability passes to his estate.

2. Where the husband of an insane woman who has been supported in a state asylum for the insane dies without mentioning his wife in his will, the Commonwealth may proceed in the Common Pleas to have a guardian appointed for her.

3. Such guardian is the servant of the Court of Common Pleas, and he may elect to take against the husband's will and also claim her widow's exemption of $500.

4. Out of the proceeds of such election and claim, the Commonwealth and the county which have maintained the wife are entitled to compensation for sums which they have expended.

5. The right of a surviving spouse, under the Act of June 7, 1917, P. L. 410, to take against the other's will is simply a personal privilege, and in case of a lunatic, the privilege or right passes to the Court of Common Pleas.

Adjudication of executor's account. O. C. Fayette Co., Dec. T., 1923, No. 53.

*W. Frank Lane,* for Fayette Title and Trust Company, Executor.

*Linn V. Phillips,* for Commonwealth.

Work, P. J., March 3, 1924.—Gustave A. Steiniger, a resident of Uniontown, Pa., died Feb. 5, 1920. He left a will dated April 26, 1916, and now of record in Will Book Vol. 21, page 269, by which he appointed the Fayette Title and Trust Company of Uniontown, Pa., executor and guardian of his two minor children. The executor assumed the trust and filed its first and final account at the above number and court. This account shows total assets of $3126.32, and the accountant claims credits approved by the court to the amount of $1658.71, leaving a balance of $1467.61.

The testimony shows that the debts are all paid and that the testator left real estate located in Uniontown, Pa., valued from $7000 to $10,000, and four vacant lots at Massapequa, Nassau County, New York. He left to survive him his widow, Clara Steiniger, and two children, viz.: Carl A. Steiniger and

Edward Steiniger, whose ages at the time of the testator's death were twenty years and twelve years, respectively.

The first, second and third paragraphs of the will read as follows:

"First. It is my wish that my funeral be conducted in as simple a manner as possible, and that my remains be cremated.

"Second. After the payment of my just debts and funeral expenses, I give, devise and bequeath the residue of my property of every kind and description to my two sons, Carl A. Steiniger and Edward Steiniger, share and share alike.

"Third. I hereby appoint the Fayette Title and Trust Company of Uniontown, Pa., executor of this my last will and testament and guardian of my children during their minority."

The testator made no reference, either directly or indirectly, in his will as to his wife, Clara Steiniger. The records show that the said Clara Steiniger was admitted to the Dixmont Hospital at Dixmont, Pa., in 1910, where she has since been continuously confined as an indigent insane patient, at the expense of the State of Pennsylvania and of the County of Fayette.

On Jan. 8, 1924, the Commonwealth of Pennsylvania, by its Attorney-General, George W. Woodruff, presented its petition to the Court of Common Pleas of Fayette County, Pennsylvania, at No. 346, March Term, 1924, showing that Clara Steiniger, wife of the testator, was admitted to Dixmont Hospital at Dixmont, Pa., on July 26, 1910, wherein she has since been continuously confined as an indigent insane patient; that during said time she has been maintained and supported at the expense of the Commonwealth of Pennsylvania and the County of Fayette, and praying the court "to adjudge the said Clara Steiniger to be insane and unable to take care of her property, and to appoint a guardian for her estate." This proceeding continued, and the court on Jan. 22, 1924, "adjudged and decreed that the said Clara Steiniger is unable to take care of her property, and Linn V. Phillips is hereby appointed guardian of the estate of the said Clara Steiniger, bond to be entered by the guardian in the sum of $4000."

On Jan. 25, 1924, the bond of the guardian was approved by the Court of Common Pleas.

On Jan. 29, 1924, Linn V. Phillips, guardian of Clara Steiniger, presented his petition to the Court of Common Pleas of Fayette County, at No. 346, March Term, 1924, for authority "forthwith to file in the Orphans' Court of Fayette County an election by your petitioner as guardian of the estate of Clara Steiniger, a lunatic, to take against the will of her deceased husband, Gustave A. Steiniger, and also to claim her widow's exemption in accordance with the laws of Pennsylvania." On the same date the court "ordered and decreed that Linn V. Phillips, guardian of the estate of Clara Steiniger, a lunatic, shall forthwith file in the Orphans' Court of Fayette County an election to take against the will of her husband, Gustave A. Steiniger, deceased, and to claim the widow's exemption in accordance with the laws of Pennsylvania, and to protect in every way possible the rights, interests and estate of the said Clara Steiniger."

On Feb. 20, 1924, the guardian filed his election to take against the will of Gustave A. Steiniger, and elected to take under the intestate laws of Pennsylvania, and delivered a copy thereof to the executor of the estate, the Fayette Title and Trust Company of Uniontown, Pa., and the original is of record in the Recorder's Office of Fayette County, and now filed with the Register of Wills of said Fayette County.

On Feb. 18, 1924, the guardian presented his petition to the Orphans' Court, claiming the $500 exemption allowed to widows out of the real estate as therein described belonging to said estate, and on the same date the court appointed two appraisers to appraise the same, in accordance with section 12 of the Fiduciaries Act of June 7, 1917, P. L. 447, 471. The latter proceeding has not been completed.

As to the election of the guardian, we are not unmindful of section 23 (b) of the Wills Act of June 7, 1917, P. L. 403, 410, which, in substance, requires the surviving spouse to elect to accept or reject the will within two years from the issuance of letters, and further provides that neglect or refusal so to do shall be deemed an election to take under the will. It is not disputed that in a case such as the case before us the election rests with the Court of Common Pleas: Kennedy v. Johnston, 65 Pa. 451. The right of election in the wife in this case has not ceased because of her lunacy, and has passed to the Common Pleas Court, and the guardian's election to take against the will is in reality the election of the Court of Common Pleas.

The election of one of two things, when only one can be chosen for a lunatic, is a judicial, not a ministerial, act. The presumption in such a case is that the court gave due consideration to all the advantages and disadvantages of the choice, and kept in mind at all times the best interests and welfare of the lunatic. The guardian is the servant of the Common Pleas Court.

The right of the surviving spouse to elect to take against the other's will is simply a personal privilege, and in the case of a lunatic this privilege or right passes to the Common Pleas Court: Fleming's Estate, 217 Pa. 610.

The full record made in the Court of Common Pleas leading up to the appointment of the guardian, the authority given the guardian to elect to take against the will and to claim the $500 exemption, being certified to the Orphans' Court, the same are now approved, ratified and confirmed.

According to the account filed, there is a balance for distribution of $1467.61. At the audit, the Commonwealth of Pennsylvania presented its claim against the estate of the testator, husband of Clara Steiniger, a lunatic. for her maintenance and support at the State Hospital for the Insane at Dixmont, Pa., from July 26, 1910, to Feb. 5, 1920, the date of her said husband's death, to the amount of $1366.74, and at the same time the County of Fayette presented its claim for her maintenance and support at the State Hospital for the Insane at Dixmont, Pa., from Dec. 1, 1919, to Feb. 5, 1920, the date of her husband's death, to the amount of $23.67. The former account is verified by the superintendent, and the latter account by one of the Commissioners of Fayette County, in accordance with section 5 of the Act of June 1, 1915, P. L. 661.

Section 3 of the Act of June 1, 1915, P. L. 661, provides: "The husband, wife, father, mother, child or children of any person who is an inmate of any asylum, hospital, home or other institution maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able to do so, shall be liable to pay for the maintenance of any such person, as hereinafter provided."

The claims of the Commonwealth and of the County of Fayette are properly chargeable to the estate of Gustave A. Steiniger, husband of the lunatic, and the husband's liability is conditioned only upon his ability to pay. As we view this record, these claims should be paid in full, and we so order.

According to section 3 of the Act of June 1, 1915, P. L. 661, as above quoted, the husband, Gustave A. Steiniger, was first liable for the maintenance and support of his lunatic wife, and upon his death this liability passed to his estate.

Steiniger's Estate.

As to the remaining property, personal and real, left by the testator, after the award of $500 in value of real estate as now claimed by the guardian of the lunatic, or, in case the property is sold, $500 of the proceeds, the guardian of the widow will be entitled to one-third thereof and the two boys the remaining two-thirds thereof, subject to the liability of the entire estate for the maintenance and support of Clara Steiniger.

The costs in the Court of Common Pleas, at No. 346, March Term, 1924, amount to $8. This will be ordered paid. The Orphans' Court costs for recording certified orders of the proceedings had in the Court of Common Pleas, at No. 346, March Term, 1924, and orders of court, $7. This will be ordered paid. Costs of Frank J. McFarland, Recorder, on election of guardian, $3.75. This will be ordered paid.

After the payment of the claims of the State and county and the costs of the Prothonotary, Clerk of the Orphans' Court and the Recorder of Deeds, there will be a balance of $58.45, which we will direct to be retained by the executor, to be accounted for in a subsequent account.

*Decree.*

And now, March 3, 1924, upon and after due consideration, and for the reasons given in the opinion hereto attached, the account filed at No. 53, December Term, 1923, is confirmed, and the court orders and decrees the accountant to pay the balance in its hands, viz., $1467.61, as follows:

| | |
|---|---:|
| To the Commonwealth of Pennsylvania | $1366.74 |
| To the County of Fayette | 23.67 |
| To Darrell W. Smiley, Prothonotary, costs at No. 346, March Term, 1924 | 8.00 |
| To O. Frank Ruse, Orphans' Court costs | 7.00 |
| To Frank J. McFarland, Recorder, costs | 3.75 |
| To the Fayette Title and Trust Company, executor (the same to be held and to be accounted for in a subsequent account) | 58.45 |

And further directs that the accountant pay the balance in its hands per the above schedule of distribution, unless exceptions are filed within ten days or appeal be taken according to law.